David B. Rosenbaum, No. 009819
Eric M. Fraser, No. 027241
Travis C. Hunt, No. 035491
OSBORN MALEDON, P.A.
2929 N. Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
efraser@omlaw.com
thunt@omlaw.com

Andrew G. Strickland (*pro hac vice*)
William B. Dyer, III (*pro hac vice*)
LEE & HAYES, P.C.
75 14th Street, Ste 2500
Atlanta, GA 30309
andrew.strickland@leehayes.com
bill.dyer@leehayes.com

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EcoFasten Solar, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>v.<br><br>Unirac, Inc., a New Mexico corporation,<br><br>Defendant. | No. CV-19-5750-PHX-MTL<br><br>**DEFENDANT'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE** |

Defendant Unirac, Inc. ("Unirac") hereby submits this Response to the Court's Order to Show Cause, which ordered Unirac to show cause why its attorney, Philip Woo, "should not be sanctioned for practicing in this case without being admitted *pro hac vice*." (Doc. 58) ("Order")

**I.     INTRODUCTION**

Unirac respectfully submits that the Court should not sanction Mr. Woo because he has not practiced in the District or appeared or participated in this case within the meaning of LRCiv 83.1. Mr. Woo's only connection to this case involved his

participation in a private, out-of-district mediation that covered other proceedings in which Mr. Woo has appeared as counsel of record. Although this mediation discharged the Court's requirement that the parties engage in good-faith settlement discussions, participating in the private mediation did not require Mr. Woo to appear in this case or apply for admission *pro hac vice* in this District.

## II. BACKGROUND

This lawsuit between Unirac and EcoFasten is only part of a broader dispute that encompasses multiple proceedings in various district courts located in four different states, and before the U.S. Patent and Trademark Office ("USPTO"). These proceedings include:

- *Rillito River Solar LLC d/b/a EcoFasten Solar v. Bamboo Industries, LLC*, No. 2:17-cv-00181-TLN-CKD (E.D. Cal.) (the "Eastern District of California Action");
- *EcoFasten Solar, LLC v. Unirac, Inc.*, No.: 2:19-cv-05750-MTL (D. Ariz.) (the present litigation or "Arizona Action");
- *EcoFasten, LLC v. Unirac, Inc.*, No. 1:20-cv-01008-LF-JFR (D.N.M.) (the "New Mexico Action");
- *Unirac, Inc. v. EcoFasten Solar, LLC and Esdec, Inc.*, No. 1:21-cv-00058 (D. Del.) (the "Delaware I Action");
- *Unirac, Inc. v. EcoFasten Solar, LLC and Esdec, Inc.*, No. 1:21-cv-00059 (D. Del.) (the "Delaware II Action");
- *Unirac, Inc. v. Wencon Development, Inc. d/b/a QuickMount PV Corp. and Esdec, Inc.*, No. 3:21-cv-00478 (N.D. Cal.) (the "Northern District of California Action");
- *Unirac, Inc. v. EcoFasten Solar, LLC*, No. IPR2021-00532, challenging U.S. Pat. No. 10,763,777 (the "'777 IPR Proceeding"); and
- *Unirac, Inc. v. EcoFasten Solar, LLC*, No. IPR2021-00733, challenging U.S. Pat. No. 10,676,929 (the "'929 IPR Proceeding").

In an attempt to resolve at least some of these proceedings of the broader dispute, and certainly more than just the present litigation, the parties, of their own accord, agreed to enter into private mediation.[1]  *See* Doc. 35 at 4; Doc. 35-1 at 2, Ex. B at 1; Doc. 41 at 4.  Unirac and EcoFasten hired a private mediator, Michael J. Powell, based in Atlanta, Georgia, and memorialized their agreement in a Mediation Agreement.  *Id*.  Both sides contemplated that the mediation would potentially resolve disputes beyond just the District of Arizona.  *See* Doc. 35 at 4; Doc. 41 at 4.

The mediation session occurred on January 27, 2021, via videoconference with most or all attendees participating from their respective home states, including Georgia, New Mexico, Indiana, California, and Arizona.  Sean O'Hara and Marshall Green attended for EcoFasten; Mr. Woo, Andrew Strickland, Gary Wiegmann, and Ernest Gallegos attended for Unirac.  Doc. 35-1, ¶¶ 10-11.  Mr. Strickland is counsel of record in the present litigation, as well as in the Eastern District of California, the New Mexico, the Delaware I, the Delaware II, and the Northern District of California Actions.  Mr. Woo is counsel of record for the '777 and '929 IPR Proceedings[2] challenging patents asserted in the New Mexico Action, as well as the Delaware I, the Delaware II, and the Northern District of California Actions.  Mr. Woo either is admitted in those jurisdictions or has been admitted *pro hac vice*.

///

///

---

[1] While the Court's Scheduling Order for this case required that "All parties and their counsel shall meet in person and engage in good faith settlement talks," it did not order that Unirac and EcoFasten mediate, nor did it order that such settlement talks cover more than the dispute of the present litigation. Doc. 18 at 9.

[2] The petitions for the '777 IPR Proceeding and the '929 IPR Proceeding were filed on February 12, 2021 and March 20, 2021, respectively.

### III. ANALYSIS

#### A. Only Attorneys Who Practice in the District, or Appear for and Participate in a Particular Case, Need to Be Admitted.

Attorney admission in this District is governed by LRCiv 83.1. Under LRCiv 83.1(b), "only members of the bar of this Court may *practice* in this District." (Emphasis added.) Under LRCiv 83.1(b)(2), "[a]n attorney who is admitted to practice in another U.S. District Court, and who has been retained to appear in this Court may, upon written application and in the discretion of the Court, be permitted to *appear* and *participate* in a particular case." (Emphases added.)

Under these rules, therefore, an attorney need not be admitted (whether to the District's bar or *pro hac vice*) unless the attorney *practices* in the District or *appears* and *participates* in a case pending in the District.

#### B. Mr. Woo Has Not Practiced in the District or Appeared or Participated in This Case.

Mr. Woo has not practiced in the District or appeared for or participated in this case. Unirac is represented in this case by attorneys from Osborn Maledon, P.A. and Lee & Hayes, P.C., all of whom are either admitted to practice in this District or admitted *pro hac vice*. As the record of the case itself shows, Mr. Woo has not signed any pleadings, briefs, or other papers filed in the present litigation. Nor has Mr. Woo argued or appeared before the Court for this matter. Moreover, he has not served or signed any discovery requests or responses. Declaration of Andrew G. Strickland ("Strickland Decl."), ¶3. Nor has Mr. Woo taken, defended, or attended any depositions in connection with this litigation. *Id.* Because Mr. Woo has not practiced in the District or appeared or participated in this case, LRCiv 83.1 did not require him to apply for admission *pro hac vice*.

///

**C.  Mr. Woo's Participation in the Private Mediation did Not Require Him to be Admitted *Pro Hac Vice* in this District.**

While Mr. Woo participated in the mediation between the parties, such activity did not constitute the practice of law in this District or the State of Arizona for a number of reasons.

### 1.  The Private Mediation Was Not Conducted in Arizona, and Did Not Involve Court Personnel or Facilities

The mediation session between the parties that occurred on January 27, 2021 was not held in any of the District of Arizona's courthouses.  Doc. 35, at 6; Doc. 35-1 at ¶ 3; Doc. 41-1 at ¶ 2.  Nor was the mediation conducted before, or involve, any court personnel, such as a magistrate judge.  Doc. 35-1, Ex. B.  The mediation was not governed by Arizona law. *Id.*, Ex. B at 2.  Indeed, none of the mediation proceedings, including pre-mediation meetings and the actual session, were held within this District.  *Id.*, Ex. B at 1-2.

Instead, this was a private mediation agreed to by the parties, involving a private mediator, Michael J. Powell, based in the State of Georgia. Doc. 35-1 at 2 ("The parties ultimately agreed to mediate with Michael J. Powell….").  Pursuant to the Mediation Agreement, the mediation session was conducted virtually, as the agreement provided: "The mediation will be held beginning at 10:30 a.m. (Eastern) on January 27, 2021 by video conference (technology provider to be determined and agreed upon by counsel and the mediator)." Doc. 35-1, Ex. B at 1; *see also* Doc. 35-1, at 6 ("the mediation [was] conducted by GoToMeeting videoconference"); Doc. 41-1.  Each party also agreed to have a separate, ex parte, confidential pre-mediation conference with the mediator, conducted via telephone.  Doc. 35-1, Ex. B at 2.

Almost all of the participants in the mediation, including the mediator himself, were located outside this District during the actual mediation session.  The mediator, Mr. Powell, along with one of Unirac's counsel (Mr. Strickland), were in the State of Georgia during the mediation session.  *See* Doc. 41-1, at 2.  Unirac's other representatives, Ernest Gallegos, Gary Wiegmann, and Mr. Woo, participated in the

5

mediation session from the States of New Mexico, Indiana, and California, respectively. Strickland Decl, ¶ 4.  Furthermore, "neither the mediator nor Unirac's representatives were present in this District or the State of Arizona for Unirac's pre-mediation conference." *Id*.

Moreover, the mediation itself was not conducted under Arizona law.  Rather the Mediation Agreement provided that the "mediation is considered by all parties to be compromise/settlement negotiations within the meaning of *Georgia Law*, the Federal Rules of Evidence and LR NDGa 16.7 (or similarly applicable United States District Court local rule)." Doc. 35-1, Ex. B at 2.  (emphasis added).

      2.    <u>The Only Connections to the District Did Not Require Mr. Woo to Appear *Pro Hac Vice*.</u>

There were only two connections to the District of Arizona:  (1) the mediation was intended to cover this case pending in the District (along with other disputes pending outside of the District) and, *inter alia*, satisfy the Court's requirement to hold good-faith settlement discussions, and (2) some of EcoFasten's representatives were present within the District.  But these facts do not bring Mr. Woo's conduct within the requirements of LRCiv 83.1.

Both sides unquestionably contemplated that the mediation could resolve cases outside the District.  The mediator's engagement letter even expressly included the New Mexico Action.  Strickland Decl., ¶ 6. Furthermore, both Unirac and EcoFasten acknowledge in their papers that the mediation was intended to cover more than the Arizona Action.  *See* Doc. 35 at 4; Doc. 41 at 4.  EcoFasten itself admitted: "counsel for the parties recognized that… a mediation in this action might provide an opportunity to resolve *all outstanding litigation*." Doc. 35 at 4 (emphasis added).  And Unirac's opposition likewise noted:  "On November 2, 2020, EcoFasten confirmed that the *mediation between the parties would not be limited to this action only*." Doc. 41 at 4 (emphasis added).

6

1         In private mediation for a dispute involving multiple cases spanning multiple
2  jurisdictions, it is both common and appropriate for lawyers who have appeared in the
3  various cases to participate if the mediation could affect those lawsuits.  Mr. Woo has
4  been involved in the larger dispute between the parties, as EcoFasten admits in its
5  motion.  Doc. 35 at 5; Doc. 35-1, Ex. D.  Not only is he a trusted advisor to Unirac, Mr.
6  Woo is also counsel of record in the IPR Proceedings challenging the patents EcoFasten
7  asserted in the New Mexico Action, as well counsel of record in the Delaware I,
8  Delaware II, and Northern District of California Actions.  If the mediation could resolve
9  any of these disputes, Mr. Woo needed to be there.  But because he is not appearing in
10 this case, he did not need to apply for admission *pro hac vice*.

11        What happened here happens routinely in multijurisdictional disputes.  If two
12 parties have litigation pending in three separate jurisdictions, represented by different
13 attorneys in each jurisdiction, then a private global mediation typically involves at least
14 one attorney from each pending case.  Those attorneys do not need to appear *pro hac*
15 *vice* in every other case, nor should they.  A contrary rule would just add unnecessary
16 *pro hac vice* applications for the clerks to deal with and unnecessary expenses for the
17 parties, with no benefit to anyone.  Consider also disputes that involve disputes across
18 different countries.  It is not uncommon for a patent dispute, for example, to involve
19 multiple actions pending in courts and administrative tribunals in the United States, the
20 United Kingdom, and Japan.  A global mediation designed to resolve all pending
21 disputes will require an attorney from each of those jurisdictions.  Not only would it be
22 unnecessary and impractical for each of those attorneys to apply for admission *pro hac*
23 *vice* in every other jurisdiction, but it may be impossible.  A British or Japanese attorney
24 cannot appear *pro hac vice* in this District.  But it is nevertheless entirely appropriate for
25 all of the attorneys working on the various disputes to participate in the global
26 mediation.  And this is so even if the global mediation is used to satisfy the various
27 jurisdictions' requirements to conduct good-faith settlement discussions.
28

As explained above, the only person(s) physically present within the District were one or both of EcoFasten's representatives. Their presence within the District—during a mediation session that was conducted via videoconference with participants located in other states—does not trigger LRCiv 83.1's requirements for Unirac's counsel. Indeed, if such were the case, taken to its logical conclusion, then by participating in the mediation, EcoFasten's counsel would be considered to have practiced law in each of Georgia, New Mexico, California, and Indiana.

   3. <u>Neither EcoFasten Nor the Mediator Objected to Mr. Woo's Participation in the Mediation, and Opposing Counsel Did Not Raise *Pro Hac Vice*.</u>

Absent some agreement by the parties or prohibition by the mediator, a party can have a trusted advisor participate in the mediation. Indeed, the Mediation Agreement itself provided: "Persons other than the parties, their representatives, their counsel, and the mediator may attend the mediation only with the consent of the parties and the mediator." Doc. 35-1, Ex. 2 at 2. Here, both EcoFasten and the mediator, Mr. Powell, had notice or were aware of Mr. Woo's involvement in advance of the mediation session. *See* Doc. 35-1, Ex. C. EcoFasten was aware of Mr. Woo's involvement in the mediation because he sent Unirac's proposal to EcoFasten. *Id*. Likewise, the mediator was aware of Mr. Woo's involvement as Mr. Woo participated in Unirac's pre-mediation meeting with the mediator on January 25, 2021. Doc. 41-1 at ¶ 11; Strickland Decl., ¶ 5. Fully aware and informed in advance of Mr. Woo's involvement in the mediation, neither EcoFasten nor the mediator objected before or during the mediation session.

Moreover, throughout the course of the mediation process, and very tellingly, EcoFasten's counsel never raised the issue of *pro hac vice* admission for Mr. Woo or otherwise suggest that it was improper for Mr. Woo to participate on behalf of Unirac.

The mediator's and counsel's apparent lack of concern about Mr. Woo's *pro hac* status not only reflects established norms for mediation (as already discussed above), but comports with the rules of professional responsibility as updated in most states to

address the temporary practice of law by out-of-state lawyers. Arizona addresses the issue in ER 5.5(c), which states that a lawyer admitted in another . . . jurisdiction . . . may provide legal services on a temporary basis in Arizona, without admission, if either (2) "a person the lawyer is assisting" is authorized to appear in the proceeding or (3) the temporary legal services "are in or reasonably related to a ... mediation" either in Arizona or another jurisdiction. Ariz. Sup. Ct. R. 42, ER 5.5(c)(2) & (3). Thus, Mr. Woo's participation in the mediation not only complied with the District of Arizona's local rules, but also with Arizona's ethics rules.

## IV. CONCLUSION

For the foregoing reasons, Unirac respectfully submits that the Court should not sanction Mr. Woo because he has not been practicing in this District, nor has he appeared or participated in the present litigation. Consequently, he was not required to apply for admission *pro hac vice*.

DATED this 1st day of April, 2021.

    OSBORN MALEDON, P.A.

    By: /s/David B. Rosenbaum
        David B. Rosenbaum
        Eric M. Fraser
        Travis C. Hunt
        2929 N. Central Avenue, Suite 2100
        Phoenix, Arizona 85012-2793

        Andrew G. Strickland (*pro hac vice*)
        William B. Dyer, III (*pro hac vice*)
        Lee & Hayes, P.C.
        75 14th Street, Ste 2500
        Atlanta, GA 30309

    Attorneys for Defendant

8931219_4